**AZAR v AKRON (city)**

Ohio Appeals, 9th Dist, Summit Co

No 2730.   Decided Feb 6, 1936

William L. DeLeone, Akron, for plaintiff in error.

Wade DeWoody, Director of Law, Akron, and James E. Alpeter, Asst. Dir. of Law, Akron, for defendant in error.

**OPINION**

By STEVENS, J.

Error is prosecuted to this court from the Municipal Court of Akron.

Ralph Azar was arrested, and tried and convicted in the Municipal Court, upon an affidavit charging that he "unlawfully did operate a dine and dance business within the city of Akron, to-wit: at No. 20 N. Howard St., between the hours of 2 A. M. and 8 A. M., to-wit: at 3 o'clock A. M., in violation of City of Akron Ordinance 238-1934 * * *."

Azar defended said prosecution upon the claim that said ordinance was unconstitutional because it contravened the rights granted him under the provisions of the Ohio liquor control act and of regulation 44 passed in pursuance of said act, which regulation was promulgated under authority of §6064-3 1(i), GC, Azar being the holder of what is designated as a D-5 state liquor permit.

That permit authorized "the owner or operator of a night club to sell beer and any intoxicating liquor, at retail, in glass and from the container, for consumption on the premises where sold, only at tables where meals are served"; and state board of liquor control regulation 44 prohibited the sale of intoxicating liquor by D-5 permit holders from 2:30 A. M. to 5:30 A. M. on week days.

A "night club" is defined by the liquor control act as being "a place regularly and

habitually operated for profit after the hour of midnight, where food is served for consumption on the premises and one or more forms of amusement are provided or permitted for a consideration which may be in the form of a cover charge, or may be included in the price of the food and beverages, or both, purchased by the patrons thereof."

The city of Akron is a charter city under the "Home Rule Amendment" to the state constitution.

It will be observed that the D-5 permit only gave the defendant the right to sell liquors at the place and under the conditions stated in the liquor control act, and under the regulations duly passed by said board of liquor control. No authority was attempted to be conferred upon defendant to operate a dine and dance place, by virtue of the provisions of that permit.

The locations where dine and dance places may be operated, and the conditions under which they may be conducted, are, in cities, peculiarly matters of municipal concern, and subject to proper regulation by said municipalities in the exercise of their police power. Certainly it may not be said, under any authorities of which we are aware, that in this state there has been granted to the state liquor board the power to legislate concerning public morals, by designating the location or regulating the conduct of dine and dance places within charter municipalities.

We hold the ordinance under consideration to be a constitutional exercise of the police power of the city of Akron, and the judgment of the Municipal Court of Akron will therefore be affirmed.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.